In the Matter of the ESTATE OF Lynn
EAKIN, a/k/a Lynn L.
Eakin, Deceased,

Bebe EAKIN, Appellant,

v̇.

Charles William REED, Larry Eakin,
and Lou Anne Reed, Appellees.

No. 84CA0037.

Colorado Court of Appeals,
Div. I.

Sept. 5, 1985.

Charles H. Sandhouse, Sterling, for appellant.

No appearance for appellees.

SMITH, Judge.

Bebe Eakin, surviving spouse of Lynn Eakin (testator), appeals an order of the district court directing testator's personal representative to pay estate taxes according to provisions in testator's will. Bebe Eakin repudiated testator's will and instead elected to take her statutory share of the augmented estate under § 15–11–201, C.R.S. (1984 Cum.Supp.). Because the district court's order giving effect to testator's will contradicts provisions of the Colorado Probate Code, § 15–10–101, et seq., C.R.S., we reverse and remand with directions.

Testator's will directed that:

"all estate, inheritance, transfer or other succession taxes or death duties, State and Federal ... shall be paid by my Personal Representative out of the principal of my residuary estate *in the same manner as an expense of administration and shall not be prorated or apportioned* among and charged against the respective devisees, legatees, beneficiaries, transferees or other recipients...." (emphasis added)

The district court accordingly ordered testator's personal representative to:

"Charge all death taxes and interest thereon ... in the same manner as a cost of administration."

Under § 15–11–202(1), C.R.S. (1984 Cum. Supp.), a decedent's estate is first to be reduced by funeral and administrative expenses before the augmented estate is computed. By following the direction of the testator as expressed in his will and including all estate taxes as a cost of administration, the district court greatly reduced the amount of the augmented estate available to spouse as her elective share.

## I.

Spouse argues that the district court erred in its treatment of estate taxes. She contends that any estate tax on her elective share of the estate should be applied after computation of her elective share and should be apportioned according to § 15–12–916(2) C.R.S. (1984 Cum.Supp.). We agree.

As a general rule, an election to take against a will voids the will as to the elector; election nullifies any tax clause in the will as to the dissenting elector and renders moot the question of what tax burden the testator wishes to place upon his widow's share of property. *Re Estate of Marans*, 143 Mont. 388, 390 P.2d 443 (1964); *see* Annot., 67 A.L.R.3d 199 (1975).

Futhermore, although the cardinal rule in construing wills is to give effect to the intent of the testator, this rule is inapplicable if the testator's intent contradicts either a statute or public policy. *In re Estate of Dewson*, 181 Colo. 189, 509 P.2d 311 (1973).

Section 15–11–207(3)(b), C.R.S. (1984 Cum.Supp.) is specific in resolving the question here. It provides:

"For the purposes of this computation, no federal or estate tax shall be subtracted from the value of the augmented estate. All such taxes shall be apportioned as provided in § 15–12–916(2)."

Section 15–12–916(2), C.R.S. (1984 Cum. Supp.) provides that where the surviving spouse elects against the will, the method of ultimately apportioning taxes described in the Probate Code controls the apportionment of tax as to her; the intent of the testator expressed in his will controls the apportionment of tax only as to the remaining persons interested in the estate. Thus, testator's directive for paying estate taxes as an expense of administration without proration conflicts with the provisions of the Colorado Probate Code.

Accordingly, not only is testator's intent ineffective as to spouse because of her election, but also the will provision at issue may not be given effect since it is contrary to the provisions of the Probate Code. Under the code, in the event of a

spousal election against the will, the estate taxes must not be subtracted as an expense of administration, but rather they must, after computation of spouse's elective share, be apportioned in accordance with § 15–12–916(2), *supra.*

The judgment is reversed and the cause is remanded with directions to recompute Bebe Eakin's share of the augmented estate in accord with the views expressed herein as well as for entry of further orders consistent therewith.

PIERCE and BABCOCK, JJ., concur.